IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No.: CBD-13-1956 |
| SHARON GRAY, et al., | * * | |
| Defendants. | * * * * | |

******

**MEMORANDUM OPINION**

Before this Court is Defendant's Corrected Motion to Amend / Correct Complaint (the "Motion") (ECF No. 27). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

I.   **Factual and Procedural Background**

Upon information and belief, in the year 2001, Wanda Thomas ("Decedent") named Darryl Thomas ("Defendant") as the beneficiary of her life insurance policy. On July 12, 2011, the beneficiary of the policy was changed from Defendant to Sharon Gray, one of Decedent's relatives. On July 28, 2012, Decedent passed away. On or around June 18, 2013, Defendant, proceeding pro se, sued Ms. Gray, other members of Decedent's family, and MetLife Investors

USA Insurance Company ("Metlife" or "Plaintiff") in the Superior Court for the District of Columbia.[1]

On July 5, 2013, MetLife requested that this Court order all other parties to interplead; permit MetLife to pay the policy proceeds into the Registry of the Court; enjoin Defendant and other parties from initiating any other action against MetLife for recovery of the life insurance proceeds; discharge MetLife from liability beyond the insurance proceeds deposited in the Registry; and award MetLife costs and attorney's fees. ECF No. 1. On May 5, 2014, this Court consolidated Plaintiff's motion for interpleader with Defendant's claims against Plaintiff and Decedent's family members. ECF No. 16. On June 30, 2014, Defendant, with the help of counsel, brought a motion to amend the original complaint. ECF No. 23. This Court denied the initial motion without prejudice on September 5, 2014, for failure to comply with our local rules. ECF No. 26. The same day, Defendant submitted the Motion. ECF No. 27.

**II.     Discussion**

   *a. The Motion complies with the Federal Rules of Civil Procedure*

Motions to amend pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that a party may amend its pleading "with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has found that courts should only deny leave to amend a pleading "when the amendment would be prejudicial to the opposing party, [when] there has been bad faith on the part of the moving party, or [when] the amendment would be futile." *IGEN Int'l Inc. v. Roche Diagnostics GMBH*, 335 F.3d 303, 311 (4th Cir.2003) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)).

---

[1] A copy of the original complaint can be found on CM/ECF within a member case of *Thomas v. Metlife Investors USA Insurance Company, et al.,* CBD-13-3042, ECF No. 1 Ex. A.

Defendant has not gained the consent of opposing parties, and thus implores the Court to grant leave to amend. Applying the rule in the Fourth Circuit, this Court first finds that the amendment is not prejudicial to the opposing parties. The amendment does not invent new factual allegations, but instead more clearly applies the facts of the case to state legally cognizable claims. While opposing parties might argue that they are prejudiced by Defendant's articulation of new legal theories, the Fourth Circuit has found that an amended pleading that states a new legal theory is not prejudicial to opposing parties when it is offered during discovery, rather than at trial. *See, e.g.*, *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118-19 (4th Cir. 2013) ("although prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this 'basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.' Because the parties were still in discovery, and many steps removed from trial, the purported undue prejudice . . . is overstated." (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). Here, too, the parties are still in discovery as this Court recently granted an extension on discovery through December 1, 2014. ECF No. 31. This Court finds that the amendment is not prejudicial.

This Court finds there has not been bad faith on the part of Defendant. The amendment seems to be motivated by a genuine desire to bring Defendant's initial pro se complaint in line with our laws and court practices to ensure a more orderly proceeding. *See, e.g., Idris v. Ratner Company/Creative Hairdressers*, No. 14-1425, 2014 WL 5382633 at *5 (D. Md. Oct. 21, 2014) (granting leave to amend and holding that where an initial complaint was filed pro se, "the Court infers that the [later corrected] deficiencies in the Complaint were the result of a good faith attempt to file a Complaint without the assistance of counsel, not of bad faith"). Defendant's

initial motion to amend was provided on June 30, 2014, within the time frame set by this Court's scheduling order. ECF No. 17. The Motion was filed as soon as the Court ruled that the initial motion to amend was not in compliance with our local rules. This Court does not find the Motion to be in bad faith.

Finally, this Court does not find amendment would be futile. The original complaint was drafted without the benefit of counsel, and did not clearly state legally cognizable claims. This amendment, drafted with the benefit of counsel, more clearly states Defendant's claims against remaining parties, and will help the Court a great deal moving forward.

    *b. The Motion substantially complies with our local rules*

Motions to amend are also governed by our local rules, which provide that "[b]efore filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel" and "shall state in the motion whether consent of other counsel has been obtained." Local Rule 103(6) (D. Md.). Defendant has attempted to obtain consent from the counselors for Ms. Gray and MetLife (the only remaining adverse parties), and has indicated that consent from counsel of Ms. Gray is denied while consent from counsel for MetLife is granted with a subsequent communication from MetLife's counsel that he would like to know the claims included in the amended complaint. The Motion complies with this provision.

The local rules also provide that a motion requesting leave to amend a pleading must include the original pleading, a redlined copy of the original pleading, and a clean copy of the amended pleading. Local Rule 103(6)(a) (D. Md.); Local Rule 103(6)(c) (D. Md.). Defendant has substantially complied with this requirement. The Motion includes a clean copy of the amended complaint and a redlined copy of the amended complaint. ECF No. 27. It is worth noting that the Motion lacks a copy of the original complaint and that the redlined copy deletes

*all* of the content of the original complaint and replaces them with the contents of the amended complaint.  The original complaint, however, was handwritten and did not follow our court practices or legal procedures.  Under these circumstances, a full re-working of the complaint is understandable, and this Court does not deem the omission of the original complaint or the full deletion of all of the contents of the original complaint in the redlined version to be fatal to the Motion.

This Court finds that the Motion substantially complies with our local rules.

### III.  Conclusion

Based on the foregoing, this Court GRANTS the Motion.

November 13, 2014                                   /s/
                                        Charles B. Day
                                        United States Magistrate Judge

CBD/sdh