IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY** | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: CBD-13-1956 |
| v. | * | |
| **SHARON GRAY, et al.,** | * | |
| Defendants. | * | |

**\*\*\*\*\***

## MEMORANDUM OPINION

Before this Court is Plaintiff's Motion for Summary Judgment on Defendant Thomas' Counterclaims Against MetLife (ECF No. 44) ("Plaintiff's Motion") and the opposition thereto. Before this Court is also Defendant's Motion to Dismiss Complaint/Counterclaim Against Plaintiff Metropolitan Life Ins. Co. Without Prejudice Pursuant to Federal Rule of Civil Procedure 41 (ECF No. 50) ("Defendant's Motion"). The Court has reviewed the motions, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **GRANTS** Defendant's Motion and holds that Plaintiff's Motion is **MOOT**. Defendant's claims against Plaintiff are dismissed *with prejudice*.

**I.     Factual Background**

On December 18, 2001, Wanda Thomas ("Decedent") purchased a term life insurance policy (the "Term Life Policy") and named Daryll Thomas ("Defendant") as its beneficiary. On December 18, 2005, Decedent converted $50,000 of the Term Life Policy into a whole life

insurance policy (the "Whole Life Policy"). On November 16, 2010, the Term Life Policy expired due to Decedent's failure to pay premiums. On July 12, 2011, the beneficiary of the policy was changed online from Defendant to Sharon Gray, one of Decedent's relatives. On July 28, 2012, Decedent passed away.

On November 13, 2014, Defendant filed his Amended Complaint in which he argues that Plaintiff breached its contract with Decedent when it did not pay Defendant $500,000 following Decedent's death. ECF No. 34. Defendant also alleges that Plaintiff committed negligence by failing to provide adequate safeguards against Ms. Gray unjustly using Plaintiff's website to change the beneficiary of Decedent's life insurance policy. Plaintiff filed its Answer on December 15, 2014. ECF No. 36.

On December 18, 2014, the parties held a settlement conference but were unable to resolve the case. Plaintiff alleges that at some point between December 18, 2014, and March 6, 2015, Plaintiff provided Defendant with documents demonstrating that the Term Life Policy had lapsed due to Decedent's non-payment. On March 6, 2014, Plaintiff filed its motion for summary judgment and attorney's fees. On May 6, 2015, Defendant filed his motion for dismissal of Plaintiff. Defendant argues that given his motion to dismiss Plaintiff, Plaintiff's Motion is moot.

## II. Legal Background

Under the Federal Rules of Civil Procedure, once a defendant files an answer to a plaintiff's complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is deemed genuine only if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is deemed material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Supreme Court has explained that the burden of proof lies with the movant to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).  A court reviewing a motion for summary judgment must view the evidence in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

In the Fourth Circuit, district courts must dismiss cases and motions as moot when they do not involve a "case or controversy."  *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012) ("mootness principles derive from Article III of the Constitution, which mandates that federal courts adjudicate only disputes involving a case or controversy") (citations omitted)).  The Fourth Circuit has explained that "one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).

### III.   Discussion

#### A.  Defendant's Motion for Dismissal is Granted

Under the Federal Rules of Civil Procedure, once a defendant files an answer to a plaintiff's complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Plaintiff filed its answer to

the Amended Complaint/Counterclaim on December 15, 2014.  ECF No. 36.  Thus, Defendant's counterclaims may only be dismissed by the order of this Court on terms this Court considers proper.

Here, at some point between December 18, 2014, and March 6, 2015, Plaintiff provided documents demonstrating that the Term Life Policy had lapsed.  Plaintiff filed Plaintiff's Motion on March 6, 2015.  Two months later, Defendant filed Defendant's Motion, and Defendant's counsel noted that "[u]pon further review of his Amended Complaint/Counterclaim and the documentation in his possession at this time, Defendant Thomas deems it appropriate to dismiss his Amended Complaint/Counterclaim without prejudice at this juncture."  Def.'s Mot. 2.  Defendant's Motion springs ostensibly from Defendant having been persuaded that his claims were unlikely to succeed.  The Court finds that the terms of Defendant's Motion are proper and hereby dismisses Defendant's counterclaims against Plaintiff, *with prejudice*.

### B.  Plaintiff's Motion for Summary Judgment is Moot.

In the Fourth Circuit, district courts must dismiss cases as moot when they do not involve a case or controversy, such as "when the claimant receives the relief he or she sought to obtain through the claim."  *Friedman*, 290 F.3d at 197.  Here, Plaintiff moved for dismissal of the counterclaims against it.  That relief has been granted.  As such, Plaintiff's Motion for summary judgment is moot.[1]

### C.  Defendant Did Not Act in Bad Faith and No Attorney's Fees are Warranted.

Plaintiff moves for attorney's fees and costs associated with bringing Plaintiff's Motion.  It argues that even after it provided Defendant with documents demonstrating that the Term Life Policy had lapsed, "Defendant Thomas remained unwilling to drop his frivolous claims" and

---

[1] Additionally, Plaintiff's Motion fails to provide a sworn statement that the attachments provided in support are true and authentic.  *See* Fed. R. Civ. P. 56(c).

maintained his claims "in bad faith." Pl.'s Mot. 9-10. The Supreme Court has explained that while "the general rule in federal courts is that a litigant cannot recover his counsel fees," "that rule does not apply when the opposing party has acted in bad faith," such as filing a motion "vexatiously, wantonly, or for oppressive reasons." *Roadway Exp., Inc. v Piper*, 447 U.S. 752, 765-66 (1980). This bad faith exception extends to "the conduct of litigation." *Id.* at 766.

Reviewing this record, I do not find that Defendant acted to vex or oppress Plaintiff. First, it should be noted that Plaintiff's only evidence that Defendant acted in bad faith is the delay between the moment that Plaintiff provided Defendant with documents demonstrating that the Term Life Policy had lapsed and the filing of Plaintiff's Motion. Notably, Plaintiff does not indicate with specificity when it provided these documents. Plaintiff only states that the documents were provided during some period after the settlement conference on December 18, 2014. Even assuming these documents were provided the day of the settlement conference, the period between the provision of the documents and the filing of Defendant's Motion was less than three months. While three months is a lengthy period for Defendant to review the documents and make his own determination of the strength of his case, it is not, in and of itself, a vexatious or oppressive delay.

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion *with prejudice* and holds that Plaintiff's Motion is **MOOT**.


May 28, 2015                                                              /s/
                                                            Charles B. Day
                                                            United States Magistrate Judge


CBD/sdh