IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| METROPOLITAN LIFE<br>INSURANCE COMPANY | *<br>*<br>* | |
| Plaintiff, | *<br>* | Civil Action No.: CBD-13-1956 |
| v. | *<br>* | |
| SHARON GRAY, et al., | *<br>* | |
| Defendants. | *<br>*<br>*<br>***** | |

## MEMORANDUM OPINION

Before this Court is Plaintiff's Motion for Leave to Deposit Interpleader Property Into the Registry of the Court (ECF No. 55) ("Plaintiff's Motion"). The Court has reviewed Plaintiff's Motion and applicable law. No opposition has been filed. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **GRANTS** Plaintiff's Motion.

### I. Factual Background

Metropolitan Life Insurance Company ("Plaintiff") issued a life insurance policy to Wanda Thomas ("Decedent") on December 4, 2005. At the time, Decedent designated her husband, Darryl Thomas, a resident of the District of Columbia, as the primary beneficiary. On July 21, 2011, the primary beneficiary was changed online to Sharon Jones, a resident of Maryland. When Decedent died on September 7, 2012, her life insurance benefits of $50,000 plus interest became due and payable. Mr. Thomas alleges in his Amended Complaint that Ms. Jones exercised undue influence over Decedent and

1

caused her to change the beneficiary of her policy. Mr. Thomas further claims to be the lawfully designated beneficiary and asks this Court to compel Plaintiff to pay the life insurance benefits to him. This Court granted Mr. Thomas's motion to dismiss all of his claims against Plaintiff on May 28, 2015, and there are no remaining claims against Plaintiff in this case.

Plaintiff's Motion asks this court to allow Plaintiff, as an interpleader, to 1) pay the proceeds of the policy to the registry of the Court, 2) be discharged from the action, and 3) be reimbursed for attorney fees incurred in filing Plaintiff's Motion.

## II. Plaintiff May Deposit the Proceeds into the Court Registry

The Federal Rules of Civil Procedure state that:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P. 67(a). Here, the relief Defendant Thomas seeks includes "the disposition of a sum of money." *Id.* Plaintiff provides a certificate of service showing that it provided notice to every other party that it has moved to deposit the funds into the registry. Mem. in Supp. of Pl.'s Mot. 5, ECF 55-1. Finally, because there are no remaining claims against Plaintiff, this Court will grant Plaintiff leave to pay the proceeds of the policy into the Registry of the Court.

## III. Upon Deposit, Plaintiff May Be Discharged from this Action

In an interpleader action, this Court may "discharge the plaintiff from further liability" where the requirements of the Federal Interpleader Act have been met. 28 U.S.C. § 2361, *see also Metropolitan Life Ins. Co. v. Davis*, Civil No. JFM-10-2785,

2011 WL 2148714, at *6 (D. Md. May 31, 2011).  The Federal Interpleader Act sets forth three requirements—that:

> 1) [the action is] filed by any [party] having in his or its custody or possession money or property of the value of $500 or more . . .
> 2) [the case involves] [t]wo or more adverse claimants, of diverse citizenship . . .
> 3) the plaintiff has deposited such money or property . . . into the registry of the court.

28 U.S.C. § 1335.  Plaintiff filed this action and states, in Plaintiff's Motion, that it is in possession of $50.013.14, which is well over the $500 requirement.  Pl.'s Motion 1.  The case involves two diverse claimants as Mr. Thomas is a resident of the District of Columbia and Ms. Jones is a resident of Maryland.  Finally, this Court has granted Plaintiff's Motion to deposit the $50.013.14 into the Court registry.  Thus, the requirements of the Federal Interpleader Act will be met upon Plaintiff's deposit of this sum.  Once the deposit is made, this Court may discharge Plaintiff from liability.

**IV.    Plaintiff is Entitled to Attorney's Fees**

This Court has previously explained that "[g]enerally, in a federal interpleader action, attorneys' fees and costs are awarded only to the party who initiates interpleader as a mere disinterested stakeholder."  *Davis*, 2011 WL 2148714, at *7.  A disinterested interpleader is allowed to recover attorney's fees because "by seeking resolution of the multiple claims to the proceeds," they "benefit[] the claimants and [thus] should not have to absorb attorneys' fees in avoiding the possibility of multiple litigation."  *Id.* (citing *Aetna Life Ins. Co. v. Outlaw*, 411 F. Supp. 824, 826 (D. Md. 1976)).

Here, Plaintiff initiated the interpleader action.  Moreover, because this Court previously dismissed Defendant Thomas's claim against Plaintiff, and no claims remained against Plaintiff when it brought the interpleader action, Plaintiff "initiate[d]

3

interpleader as a mere disinterested stakeholder." *Davis*, 2011 WL 2148714, at *7 (deeming Metropolitan Life Insurance a disinterested stakeholder after dismissing the defendant's claims against the insurance company). As such, Plaintiff is entitled to attorney's fees and costs.

### V.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and directs Plaintiff to provide an affidavit specifying the reasonable attorney's fees (pursuant to the Local Rules of this Court) that Plaintiff seeks in filing Plaintiff's Motion.

August 18, 2015                                                            /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge

CBD/sdh/erm