IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

METROPOLITAN LIFE INSURANCE )
COMPANY )
)
      Plaintiff, )
)
      v. )      **Civil Action No. CBD-13-1956**
)
SHARON JONES, et al., )
)
      Defendants. )

## MEMORANDUM OPINION

On August 19, 2015, the Court ruled that Plaintiff, Metropolitan Life Insurance

Company, was entitled to reimbursement of its attorney's fees and costs, ECF 57. The Court

directed Plaintiff to provide a supporting affidavit, which has now been submitted. See Affidavit

of John S. Bolesta in Support of Payment of Reasonable Attorney's Fees ("Plaintiff's

Affidavit"), ECF 60. The Court has reviewed Plaintiff's Affidavit, and the opposition and reply

thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons set forth

below, the Court GRANTS IN PART Plaintiff's Affidavit requesting payment of fees and

expenses.

### I. Determining Reasonable Fees

Plaintiff claims $4,470.48 in attorney's fees and costs. The Supreme Court has

established a method, commonly called the "lodestar," for determining a reasonable fee. The

starting point in the lodestar calculation is "the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 434

(1983); see Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). The

1

Court has endorsed a list of twelve factors, first articulated by the Fifth Circuit in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), which aid a court in determining a reasonable fee. These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Id.</u> at 717–19. The Fourth Circuit has directed courts to consider these twelve factors when calculating the lodestar amount. <u>Robinson</u>, 560 F.3d at 243–44.

### A.  Time and labor expended, and the experience of the attorneys

The Fourth Circuit has held that a party seeking a fee award "must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which she seeks an award." <u>Robinson</u>, 560 F.3d at 244 (citing <u>Plyer v. Evatt</u>, 902 F.2d 273, 277 (4th Cir. 1990) (citation omitted)). However, failing to provide affidavits from independent counsel is not fatal, for the Court may rely on its own knowledge of the market in determining reasonable fees for that community. While Plaintiff has not provided information regarding the local market rates, the 2011 Local Rules provide guidelines for determining the applicable hourly rates in Maryland during the period of this work:

    a.  Lawyers admitted to the bar for less than five (5) years: $150–190.
    b.  Lawyers admitted to the bar for five (5) to eight (8) years: $165–250.
    c.  Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225–300.
    d.  Lawyers admitted to the bar for fifteen (15) years or more: $275–400.

   e.  Paralegals and law clerks: $95–115.

Local Rules App. B, 3 (D. Md.) (July 1, 2011).  In July 2014, the Local Rules were amended to

increase the guidelines regarding hourly rates to the following:

   a.  Lawyers admitted to the bar for less than five (5) years: $150-225.
   b.  Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
   c.  Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.

Paralegals and law clerk rates were elevated to a range of $95-$150.  These billable rates reflect

the presumption that a more experienced attorney is deserving of greater hourly compensation

because they are expected to perform more efficiently.  See Int'l Ass'n of Machinists &

Aerospace Workers v. Werner-Masuda, 390 F. Supp. 2d 479, 491 (D. Md. 2005).

   Plaintiff's Affidavit requests payment for three attorneys and a paralegal, namely John S.

Bolestra, Amanda N. Pickens, Jenna Mennona and Joyce L. Wolfgang.  Plaintiff's Affidavit sets

forth the specific hours and tasks performed by each timekeeper, and the attached exhibit

provides support for the representation that the request for payment does not include matters

relating to the counterclaims against Plaintiff.  The Court finds that all of the services and

expenses fairly and appropriately relate to the compensable matters to which the Court has

granted relief.

   Plaintiff seeks payment for Mr. Bolestra's fees at a "reduced billing rate of $282/hour."

While Plaintiff has not included affidavits from independent counsel regarding the prevailing

reasonable fees in the legal community typically served by the Court, the website for Mr.

Bolestra's firm indicates that he graduated from law school in 2005.  More important, the Client

Trust Fund of the Bar of Maryland provides that Mr. Bolestra was admitted to the bar of

Maryland in December 2005.  Accordingly, under Appendix B of the Local Rules, Mr.

Bolestra's guideline rate is governed by the range for an attorney admitted for five to eight years. This range is $165-250/hour through the end of June 2014. Thereafter, it increased to $350/hour. For purposes of this award, the Court will direct payment for services provided through June 2014 at the rate of $250/hour, and thereafter at the rate of $282/hour. Mr. Bolestra billed 7.4 hours prior to July 2014, and .4/hour thereafter. Accordingly, the Court directs payment for his services in the amount of $1,962.80.

Plaintiff seeks payment for Ms. Pickens' fees at a "reduced billing rate of $250/hour." While the firm website reflects Ms. Pickens graduated from law school in 2011, it does not indicate when she was admitted to the bar. In her application for membership to the bar of this Court, she represented under oath that she was admitted to the New York bar in 2012. Under Appendix B, Ms. Pickens' guideline rate is governed by the range for an attorney admitted for less than five years. This range is $150-190 for the period of her service. For purposes of this award, the Court will direct payment at the rate of $190/hour. Ms. Pickens billed 2.4 hours. Accordingly, the Court directs payment for her services in the amount of $456.00.

Plaintiff seeks payment for Ms. Mennona's fees at a "reduced billing rate of $250/hour." The firm website reflects Ms. Mennona is a 2014 graduate of law school. The Client Trust Fund of the Bar of Maryland provides that Ms. Mennona was admitted to the Maryland bar in December 2014. Under Appendix B, Ms. Mennona's guideline rate is governed by the range for an attorney admitted for less than five years. This range is $150-225 for the period of her service. For purposes of this award, the Court will direct payment at the rate of $225/hour. Ms. Mennona billed 2.5 hours. Accordingly, the Court directs payment for her services in the amount of $562.50.

4

Plaintiff seeks payment for Ms. Wolfgang's services at a "billing rate of $161/hour." Ms. Wolfgang is a Paralegal. Under Appendix B, Ms. Wolfgang's guideline rate is governed by the range of $95-115 for the period of her service. For purposes of this award, the Court will direct payment at the rate of $115/hour. Ms. Wolfgang billed one hour. Accordingly, the Court directs payment for her services in the amount of $115.00.

The sum of the fees for legal services provided is $3,096.30. The Court has similarly considered the costs incurred and find them to be reasonable and related to the compensable matters to which the Court has granted relief. The costs are $1,119.48. Therefore, the total award for fees and costs incurred is $4,215.78.

### B. Novelty, difficulty and other concerns

The services provided by Plaintiff's counsel did not relate to legal matters that were particularly novel or complex. Nonetheless, the services were reasonable and necessary. Defendant Thomas suggests the Court should limit the recovery to Plaintiff's lead counsel and the cost to the filing fees. Such an approach has no support in the law, and is contrary to notion of fairness on this record.

The propriety of awarding fees and costs to the party initiating an interpleader action is left to the discretion of the court. The court is to be guided by notions of fairness and equity. Jefferson Pilot Financial Ins. Co. v. Buckley, No. 3:04cv783, 2005 WL 221076, at *2 (E.D. Va. Jan. 13, 2005). "Courts have declined to award attorneys' fees and costs where the amount of fees and costs claimed would significantly deplete the total fund at issue." Reliastar Life Ins. Co. of New York v. Lemone, No. 7:05cv00545, 2006 WL 733968, at *3 (W.D. Va. Mar. 16, 2006). Here, making an award of less than $4,500.00 regarding a fund of more than $50,000.00 does not

amount to a significant depletion.  Equally, a plaintiff who has "no dog in the fight" should not be required to "absorb attorneys' fees in avoiding the possibility of multiple litigation." <u>Aetna Life Ins. Co. v. Outlaw</u>, 411 F. Supp. 824, 826 (D. Md. 1976).

Plaintiff has carefully limited its request to the matters regarding the drafting of the Complaint, the review of client documents, the review of Local Rules regarding redactions, the filing of the Complaint, issues regarding service, and a motion to deposit funds.  In some respects, the Court has reduced Plaintiffs billable rate request even though it finds no fault with the amount sought, merely that the rates are higher than the Local Rules prescribe.

Plaintiff's counsel correctly notes that a good portion of the services were provided by less experienced counsel.  If the Court were to adopt the approach suggested by Mr. Thomas, it would be incentivizing future counsel to assign less difficult work to its most experienced counsel who would submit reimbursement requests at a more costly hourly rate.  Neither the total time spent, the fees charged nor expenses incurred by Plaintiff in this interpleader action is unreasonable.

In summary, the Court adopts the following sentiments as expressed in a very similar case in this Court:

> Having dismissed [defendant's] counterclaims against MetLife, MetLife is a disinterested stakeholder.  MetLife filed this interpleader action seeking a judicial determination as to whom to pay the Policy.  MetLife does not contest its obligation to pay, and has already deposited the funds in the Court's registry. MetLife has no interest in whether [one defendant or another] is determined to be the recipient of the Proceeds of the Policy.  Thus MetLife is a mere stakeholder and will be awarded its reasonable attorneys' fees and costs in the amount of [] to be paid from the interpleader fund in the Court's registry.

Metropolitan Life Ins. Co. v. Davis, No. JFM-10-2785, 2011 WL 2148714, at *7 (D. Md. 2011). No finer words can be spoken here.

Accordingly, the Court hereby Orders the award of $4,215.78 from the interpleader funds to be provided to Plaintiff.  The Court will enter a separate Order consistent with this opinion.


December 28, 2015                                        /s/

                                                Charles B. Day
                                                United States Magistrate Judge


CBD/bab